# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY PARKER,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-cv-01720-MHH |
| } | |
| **M&M TIRE & MECHANICAL** } | |
| **SERVICES, INC.** *et al*, } | |
| } | |
| Defendants. | |

## MEMORANDUM OPINION

Kimberly Parker brought this action against her former employer and its owner to recover compensation allegedly due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Doc. 1). The Court stayed proceedings at the parties' request to allow the parties to discuss settlement. (Docs. 23, 25, 27). The parties have proposed a settlement agreement for this Court to approve pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir.1982). (Docs. 28, 29). As discussed in greater detail below, because the parties' agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA, the Court approves the parties' settlement.

1

I. BACKGROUND

Rhonda Holley owns M&M Tire and Mechanical Services, Inc., a mobile tire and mechanical service company for commercial trucks. (Doc. 1, pp. 6-7, ¶ 28). Ms. Parker worked as a dispatcher for M&M Tire from October 19, 2014 through March 29, 2016. (Doc. 1, pp. 3, 6-7, ¶¶ 7, 28). Ms. Parker alleges that during this time period, M&M Tire did not pay her at the overtime rate for hours which exceeded forty per week, paid her for only full hours worked, and unilaterally reduced her hourly pay from $9.00 to $7.74 after she complained to M&M Tire about her unpaid wages. (Doc. 1, pp. 7-8, ¶¶ 34, 36; Doc. 28, pp. 2-3).

M&M Tire admits that "there were some work weeks in which [Plaintiff] was not compensated at time and one half for hours worked over forty" and that it "had actual knowledge of the time Plaintiff reported through [M&M Tire's] timekeeping system." (Doc. 8, p. 4, ¶¶ 25, 36, 38-40). M&M Tire denies that it willfully violated the FLSA, however, and it asserts that it did not know or have reason to know that Ms. Parker did not receive full overtime and hourly compensation. (Doc. 8, p. 4, ¶¶ 36, 38; Doc. 28, p. 3).

To resolve her FLSA claims against the defendants, Ms. Parker has agreed to dismiss her claims in exchange for M&M Tire's payment of $3,500 in back pay damages and $3,500 in liquidated damages, remitted by December 31, 2018. (Doc. 29, pp. 1-2, ¶¶ 3-4, 7). M&M Tire also has agreed to pay counsel for Ms. Parker

$16,554.60 in attorney's fees and $993.15 in costs and expenses in two installments. (Doc. 29, p. 2, ¶¶ 5, 7). The first installment of $5,849.25 is due on or before December 31, 2018, and the second installment of $11,698.50 is due on or before January 31, 2019. (Doc. 29, p. 2, ¶¶ 5, 7).

**II. DISUCSSION**

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (noting that Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive [a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay") (emphasis in original) (alterations and quotation marks omitted)); *see also* 29 U.S.C. § 202(a) (indicating congressional intent to eliminate labor conditions "detrimental to the maintenance of the minim standard of living necessary for health, efficiency, and general well-being of workers"). In the context of overtime, for example, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1½ times the employees' regular wages. 29 U.S.C. § 207(a).

If an employee proves that her employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated

damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1352; *see also Hogan*, 821 F. Supp. 2d at 1281-82. "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should enable the Court "to ensure that employees have received all uncontested wages

4

due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (emphasizing that a proposed settlement must be fair and reasonable).

Here, there is a bona fide dispute concerning the nature of the reduction in Ms. Parker's hourly wage and the extent to which the defendants willfully violated the FLSA such that a three-year statute of limitations would apply in this case. With the benefit of the extensive time records and pay reports that M&M Tire provided, Ms. Parker calculated that M&M Tire owes her $5,838 in backpay and liquidated damages for the period from October 19, 2014 to September 2015 and $1,626.39 in backpay for the period from September 12, 2015 to April 2, 2016. M&M Tire has agreed to pay the full amount for the first time period, and the parties have agreed to settle the amount in the latter time period for $1,162. (Doc. 28, ¶¶ 3-5). These figures represent a fair and reasonable settlement of Ms. Parker's claims.

M&M Tire has agreed separately to pay Ms. Parker's attorney's fees of $16,554.60 and costs of $993.15. The Court reviews "the reasonableness of

counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352). The parties negotiated the attorney's fees and costs after settling Ms. Parker's claims. (Doc. 28, p. 8, ¶ 11). Although the attorney's fees and costs exceed Ms. Parker's settlement proceeds, the negotiated amount reflects a reasonable and discounted hourly rate. (Doc. 28, p. 8, ¶ 11). Under these circumstances, the Court finds that the attorney's fees and costs are fair, reasonable, and independent of Ms. Parker's settlement amount.

To ensure that M&M Tire is not using an FLSA claim "to leverage a release from liability unconnected to the FLSA[,]" the Court has reviewed the release provision in the settlement agreement. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010); *see also Hogan*, 821 F. Supp. 2d at 1282 (stating that an employer may not require valuable concessions for wages due under the FLSA). Under the release provision, Ms. Parker agrees to:

> Waive and release every known or unknown wage and hour claim, action, lawsuit or cause of action, asserted or unasserted, that Plaintiff may have against Defendants relating to her employment with Defendants from October 2014-2016 (excluding any claims accruing in the future).

(Doc. 29, p. 1, ¶ 2.b). The Court approves this release provision to the extent that the reference to "wage and hour" claims translates to FLSA claims.

## III. CONCLUSION

In compliance with the Court's duty to review proposed settlements of FLSA claims, the Court has reviewed and approved the parties' settlement agreement for the reasons stated above. The Court will enter a separate order dismissing the Ms. Parker's claims with prejudice and closing the file.

**DONE** and **ORDERED** this December 12, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE